STATE v. J. C. CRADLE.

(Filed 2 March, 1938.)

**Constitutional Law § 14: Criminal Law § 43—Affidavit for search warrant signed by chief of police meets requirements of the statute.**

An affidavit for a search warrant signed by the chief of police is sufficient compliance with ch. 339, sec. 1½, Public Laws of 1937, since if the chief of police is not the informant he is "some other person," and the statute does not require that the informant should make the affidavit, or that the person signing the affidavit should state therein who his informant is, and evidence obtained on a search warrant issued on such affidavit is competent.

APPEAL by defendant from *Bone, J.,* at January Term, 1938, of WASHINGTON. No error.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*
*P. H. Bell for defendant, appellant.*

PER CURIAM. The defendant was convicted of having in his possession liquor upon which the tax had not been paid, and from judgment of imprisonment appealed, assigning as error the denial by the court of his motion to suppress evidence of certain facts discovered by reason of the issuance of a search warrant.

The affidavit, upon which the search warrant was issued, was made by P. W. Brown, chief of police, who was the "complainant," or if not

the complainant he was at least some "other person" and met the requirement of the statute, Public Laws 1937, ch. 339, sec. 1½, upon which the appellant relies, and therefore the facts discovered by reason of the search warrant were not rendered incompetent. There is nothing in the statute that requires the complainant or other person who makes the affidavit to state therein who his informant is, or which requires the informant to make the affidavit, as seems to be the contention of the appellant.

In the trial we find

No error.